IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL ANDREW NIXON[1],
    Plaintiff,

vs.                                                     Case No. 3:13cv332/LC/CJK

JOHN DOE, LIBRARIAN, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 6). Also pending is plaintiff's motion for appointment of counsel. (Doc. 3). Upon review of plaintiff's amended complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 6). Plaintiff's amended complaint names one defendant: John Doe Reilly, a librarian at Santa Rosa CI. Plaintiff claims defendant Reilly violated his rights under the First,

---

[1] The Court takes judicial notice of information on the Florida Department of Corrections' Offender Information Network, June 23, 2013, stating that plaintiff, whose DOC (Department of Corrections) number is 080719, is incarcerated under the name Paul A. Nixon, and is also known as Paul Nixon, Paul Andrew Nixon, Paul Andrew Nixson, Nick Nixon, John Daniel Nixson, Malik Zahir Rahim and Shabazz. *See* www.dc.state.fl.us.

Fifth and Fourteenth Amendments when Reilly allegedly: (1) lost or destroyed a habeas corpus petition and civil complaint plaintiff submitted to the library for photocopying, (2) denied plaintiff legal supplies and submitted false information about plaintiff's financial status indicating that plaintiff had money to purchase the requested supplies, (3) threatened to delay plaintiff's access to library services if plaintiff complained and (4) denied plaintiff's requests for photocopying services. (Doc. 6, pp. 5-6). As relief, plaintiff seeks compensatory damages, punitive damages and injunctive relief. (*Id.*, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff signed his complaint on June 23, 2013. (Doc. 6, p. 7). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 6, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint

---

[2] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to both questions, and disclosed no cases. (Doc. 6, p. 3).

form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed two federal cases: *Nixon v. Matthews*, Case Number 3:12cv301-HES-JBT, a civil rights action pending in the United States District Court for the Middle District of Florida ("Middle District"); and *Nixson v. Batson*, Case Number 3:06cv42/RV/MD, a civil rights action plaintiff filed in this Court in 2006. Plaintiff also disclosed five state court cases. (Doc. 6, p. 4 and continuation pages). Plaintiff disclosed no other federal cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 6, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases. (*Id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.*, p. 7). Thus, plaintiff has in effect stated that at the time he filed his amended complaint, he had not initiated any other lawsuits in federal court concerning the conditions of his confinement, and had not had any action in federal court dismissed as malicious or prior to service.

As a matter of course, the Court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's

jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[3], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the Court to consider whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his complaint in this case, plaintiff had initiated several other lawsuits in federal court that required disclosure:

- *Nixson v. Sec'y, Dep't of Corr.*, Middle District Case Number 3:03cv912-HWM, a civil rights lawsuit plaintiff filed in federal court on October 24, 2003, complaining about the conditions of his confinement at Florida State Prison (denial of adequate medical care). The case was dismissed on January 28, 2004, prior to service, pursuant to plaintiff's motion to voluntarily dismiss the case;

- *Nixson v. Sec'y, Dep't of Corr.*, Middle District Case Number 3:08cv1003-HLA-HTS, a civil rights lawsuit plaintiff filed in federal court on October 20, 2008, complaining about the conditions of his confinement at Florida State Prison (denial of access to the courts). The case was dismissed as malicious on October 29, 2008, for plaintiff's abuse of the judicial process (falsely responding to a question on the complaint form regarding his previous lawsuits and failing to disclose two prior federal cases);

---

[3]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

- *Nixson v. Booker*, Northern District Case Number 3:06cv107/RV/EMT, a civil rights lawsuit plaintiff filed in this Court on March 13, 2006, complaining about the conditions of his confinement at Santa Rosa CI. The case was dismissed on July 27, 2006, prior to service, for plaintiff's failure to comply with an order of the Court;

- *Nixson v. Demoret*, Northern District Case Number 3:06cv143/RV/EMT, a civil rights lawsuit plaintiff filed in this Court on April 3, 2006, complaining about the conditions of his confinement at Santa Rosa CI. The case was dismissed on November 8, 2006, prior to service, for plaintiff's failure to comply with an order of the Court;

- *Nixson v. McNeil*, Northern District Case Number 5:09cv169/SPM/AK, a civil rights lawsuit plaintiff filed in this Court on May 5, 2009, complaining about the conditions of his confinement while confined at Jackson Correctional Institution. The case was dismissed on February 24, 2010, prior to service, for plaintiff's failure to comply with an order of the Court.

All of the foregoing cases may be positively identified as having been filed by plaintiff, even though plaintiff spelled his last name Nixson, instead of Nixon. All of the cases bear plaintiff's Florida Department of Corrections' inmate number, #080719.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE

DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 6, p. 3). Plaintiff also knew from reading this Court's admonition in its recent amend order (doc. 5) that disclosure of all prior civil cases was required. The Court warned plaintiff that he must provide full and accurate disclosure of his litigation history even if his legal documents had been destroyed or lost over the years. (Doc. 5, p. 2). The Court further advised plaintiff: "If plaintiff cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. . . . [P]laintiff must ensure that the 'Previous Lawsuits' section of the complaint form is fully and accurately completed." (*Id*, p. 3).

The exhibits attached to plaintiff's amended complaint – copies of letters plaintiff mailed to two state courts and to the Jacksonville and Tampa divisions of the Middle District requesting a listing of cases filed by "this writer", whom plaintiff identified as "Paul A. Nixon", (doc. 6, ex. A) – do not excuse plaintiff's failure to provide complete disclosure of his litigation history. Plaintiff did not inform the clerks of court that he also filed cases under his alias "Paul Andrew Nixson". In addition, the letters offer no justifiable cause why plaintiff did not disclose the three additional cases he filed in this Court under the name "Paul Andrew Nixson".

If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

*Case No: 3:13cv332/LC/CJK*

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That plaintiff's motion for appointment of counsel (doc. 3) be DENIED as moot.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 28th day of June, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).